UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

  -against-

HOT SHOTS, INC., d/b/a HOT SHOTS
SPORTS BAR & LOUNGE and
VIJAYSANAD RAMCHARAN

                Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-1884 (FB) (SMG)

*Appearances:*
*For the Plaintiff:*
PAUL J. HOOTEN, ESQ.
Paul J. Hooten & Associates
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11766

**BLOCK, Senior District Judge:**

On May 5, 2009, plaintiff J&J Sports Productions, Inc., filed a complaint seeking damages for the allegedly unauthorized interception and exhibition of several boxing matches ("the Event"), to which plaintiff held distribution rights, in violation of 47 U.S.C. §§ 553 and 605. As defendants Hot Shots, Inc., and Vijaysanad Ramcharan ("Defendants"), after being duly served, have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #7 (Clerk's Entry of Default), plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

A defendant's default is an admission of all well-pleaded allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court

must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

By alleging that Defendants, "illegally and without authorization, intercepted, received, or otherwise assisted in the unauthorized interception or receipt of the Event," Compl. ¶ 30, plaintiff has stated a claim under 47 U.S.C. § 553. *See International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1003 (2d Cir. 1993) ("*Sykes I*") (establishing the pleading requirements for § 553). By alleging that Defendants intercepted the Event in this manner, though it had not been "provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event," *id.* at ¶ 14, plaintiff has stated a claim under 47 U.S.C. § 605(a). *See International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 131-33 (2d Cir. 1996) ("*Sykes II*") (holding that § 605 applies to the interception of cable communications originating as a satellite transmissions), *cert. denied*, 519 U.S. 929 (1996). Plaintiff has not, however, stated a claim under 47 U.S.C. § 605(e)(4), since the complaint contains no allegations that Defendants were anything other than interceptors of the Event's communication or end users of an illegal device. *See Garden City Boxing Club, Inc. v. Morales*, 05-CV-0064, 2005 WL 2476264, at *5 (E.D.N.Y. Oct. 5, 2005) (citing cases holding that § 605(e)(4) only applies to manufacturers and distributors).

"The Second Circuit has held that where a defendant is found to have violated both [§ 553 and § 605(a)], the court should award damages pursuant to 47 U.S.C. § 605." *Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 110 (E.D.N.Y. 1997) (citing *Sykes I*, 997 F.2d at 1007). Relief available under that section includes damages, injunctive relief, attorney

fees and costs. *See* 47 U.S.C. § 605(e)(3)(B).

Plaintiff's motion for entry of default judgment is granted. The matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded under 47 U.S.C. § 605(e).

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 16, 2009